**01–1407. D.A.B.E., Inc. v. Toledo–Lucas Cty. Bd. of Health.**

Certified State Law Question, No. 301CV7334. On preliminary memoranda pursuant to S.Ct.Prac.R. XVIII(6). The court will answer the following questions certified to it by the United States District Court for the Northern District of Ohio, Western Division:

"1. Does the *Ohio Revised Code* authorize or delegate to a local board of health of a general health district the authority to prohibit smoking in all public places as defined by the [Clean Indoor Air] Regulation at issue herein?

"2. If the answer to Question 1 is yes, does such a delegation of authority violate the Ohio Constitution?

"3. Does a regulation adopted by a board of health of a general health district, which prohibits smoking in all public places as defined by the Regulation at issue, conflict with, or is it inconsistent with or preempted by the provisions of the *Ohio Revised Code* that already govern the conduct of smoking in places of public accommodation and elsewhere?

"4. To the extent a regulation which prohibits smoking in all public places as defined by the Regulation at issue conflicts with a municipal ordinance regulating the same area, which one prevails pursuant to Section 3, Article XVIII of the Ohio Constitution (relating to home-rule)?"

**01–1443. Houston v. Wilkinson.**

Allen App. No. 1–01–52. On review of order certifying a conflict. The parties are to brief the issue stated in the court of appeals' Journal Entry dated July 27, 2001, at page 2:

"Is a plea agreement breached when the Ohio Adult Parole Authority ('APA') classifies an offender, for purposes of its discretionary parole guidelines, according to the nature of the offense rather than the lesser offense to which the plea is entered when the plea agreement has been fully performed by the prosecutor and the sentencing court, and the APA's classification will not result in the offender being incarcerated beyond the maximum sentence under the plea agreement?"

COOK, J., would accept jurisdiction but would address the certified question modified as follows:

"~~Is a plea agreement breached~~ Does an action lie for breach of contract when the Ohio Adult Parole Authority ('APA') classifies an offender, for purposes of its discretionary parole guidelines, according to the [true] nature of [his] offense rather than the lesser offense [pleaded to]? ~~when the agreement has been fully performed by the prosecutor and the sentencing court, and the APA's [actions] will not result in the offender being incarcerated beyond the maximum sentence under the plea agreement?~~"

DOUGLAS, J., dissents.

*Sua sponte,* cause consolidated with 01–1253 and 01–1266, *Layne v. Ohio Adult Parole Auth.,* Marion App. No. 9–01–06.

DOUGLAS, J., dissents.

The conflict case is *Randolph v. Ohio Adult Parole Auth.* (Jan. 21, 2000), Miami App. No. 99CA17, unreported, 2000 WL 43712.

**01–1484. State v. Grigsby.**

Montgomery App. No. 18354. On motion for leave to file delayed appeal. Motion denied.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

**01–1486. State v. Bond.**

Hamilton App. No. C–990195. On motion for leave to file delayed appeal. Motion denied.